# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| JACYNTA McADOO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-cv-00917 |
| | ) | CHIEF JUDGE CRENSHAW |
| WAL-MART STORES EAST, L.P., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This is a premises liability case. The parties agree that, on September 21, 2014, Jacynta McAdoo and a friend were shopping at a Wal-Mart store located at 2232 Gallatin Pike in Madison, Tennessee. While looking for clippers in the Health & Beauty aisle, McAdoo slipped and fell on a gel-like substance on the floor of the aisle.

No container was found at or near the spill site. Wal-Mart does not know where the liquid came from, how it got on the floor, how long it had been on the floor, or what the substance was, but concedes that Mark A. Troutt, the Store Manager, admitted that such a substance on the floor presented a dangerous condition.

The parties further agree that approximately thirty employees were working at the store when McAdoo fell, and that a least one boy was captured on videotape[1] kicking a ball in the vicinity of the Health & Beauty Department within an hour before the incident. The videotape also showed an unattended ball laying on the floor in the area that remained there for approximately 17 minutes, even though an employee passed by the ball and should have picked it up because the ball posed a

---

[1] In her Memorandum, McAdoo states that "[t]his video footage will be introduced as a [sic] Manual Exhibit # 1, which will be filed contemporaneously with this pleading." (Doc. No. 28 at 9, n.2). The Court finds no such manual filing in the record.

safety hazard. Finally, Wal-Mart does not know of anything McAdoo could have done or should have done that day to avoid this accident.

The foregoing is the sum and substance of the facts on which the parties agree. Nevertheless, McAdoo has filed a Motion for Partial Summary Judgment (Doc. No. 27) on the issue of liability on the grounds that "1) the liquid gel on the floor which caused the Plaintiff to slip and fall was a dangerous condition; 2) Wal-Mart had actual notice of the dangerous condition; 3) Wal-Mart had constructive notice of the dangerous condition; 4) Wal-Mart created the dangerous condition by recklessly breaching its duty of care to the Plaintiff by permitting young children to play soccer and basketball along and in the aisles where the substance was spilled; 5) Wal-Mart destroyed evidence for which the Plaintiff is entitled to spoliation sanctions; and 6) Plaintiff herself bears no fault for this accident." (Doc. No. 28 at 1-2). Wal-Mart's position on the Motion is clear; on no less than eight occasions in the response brief, Wal-Mart writes, a plaintiff "must present evidence establishing each element of the negligence action brought by her." (Doc. No. 38 at 3, 7, 8, 9, 11, 12).

"Whether the defendant's negligence actually caused the particular injury complained of is generally a question of fact to be determined by the factfinder." McMurry v. Metro. Gov't of Nashville, 2003 WL 535918, at *8 (Tenn. Ct. App. Feb. 26, 2003). Therefore, "[i]t is well settled that it is the rare negligence case that can be resolved by summary judgment. Reidinger v. Trans World Airlines, Inc., 463 F.2d 1017, 1021 (6th Cir. 1972).

The grant of summary judgment in a plaintiff's favor is rarer still. A defendant need only establish that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law as to any one of the elements of a negligence claim, which are "(1) a duty of care owed by

the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) proximate or legal cause," Satterfield v. Breeding Insulation Co., 266 S.W.3d 347, 355 (Tenn. 2008). In contrast, a plaintiff must establish that there are no genuine issues of material fact on all of the elements and that he or she is entitled to judgment under the law.

This is not the rare negligence case where summary judgment is appropriate. Apart from there being no disagreement that the liquid gel was a dangerous condition and that Wal-Mart is unaware of evidence that would suggest McAdoo bore some responsibility for the fall, each of the grounds on which she moves for summary judgment are enveloped in disputed facts.

"'Liability in premises liability cases stems from superior knowledge of the condition of the premises.'" Blair v. W. Town Mall, 130 S.W.3d 761, 764 (Tenn. 2004) (quoting McCormick v. Waters, 594 S.W.2d 385, 387 (Tenn.1980)). "In order for an owner or operator of premises to be held liable for negligence in allowing a dangerous or defective condition to exist on its premises, the plaintiff must prove, in addition to the elements of negligence, that: 1) the condition was caused or created by the owner, operator, or his agent, or 2) if the condition was created by someone other than the owner, operator, or his agent, that the owner or operator had actual or constructive notice that the condition existed prior to the accident." Id. (citing Martin v. Washmaster Auto Center, U.S.A., 946 S.W.2d 314, 318 (Tenn. Ct. App. 1996)).

McAdoo claims she "can demonstrate constructive notice by establishing that the dangerous or defective condition existed for such a length of time that the defendant, in the exercise of reasonable care, should have become aware of the condition." (Doc. No. 28 at 9). She explains:

> Given the scene of the accident, logic and common sense dictates that the gel-like substance must have come from a broken container which was discarded by someone

3

> because it was not found. Since many children were actively playing basketball and soccer for a significant period of time before the Plaintiff fell, it is logic and common sense to state that one of those balls hit a container in the Health & Beauty area, broke it (leaving the gel-like substance on the floor), and the child and/or its parent/guardian hid the container.

(Id.). McAdoo goes on to cite Blair for the proposition that a "plaintiff may establish owner notice of a dangerous condition by showing a pattern of conduct, a recurring incidence or a general or continuing condition indicating the dangerous condition's existence." (Id. at 10).

There are a myriad of problems with McAdoo's arguments in the context of a motion for summary judgment. First, being able to "demonstrate" or "establish" notice is markedly different from there being no genuine issue of material fact on the issue. Second, the parties dispute the number of children playing in the store, whether they were playing basketball or soccer, where such activity occurred, whether the activity was in proximity to the Health & Beauty aisle, and whether a child (or children) playing with a ball was a factor in there being liquid gel on the floor. Third, the contention that "logic and common sense" suggests a container was broken as a result of horseplay and then hidden by a parent is a plausible hypothesis, but speculative and, at best, a jury argument. See Mass. Mut. Life Ins. Co. v. Ace Akron/Cleveland Enter., Inc., 2009 WL 4030752, at *5 (N.D. Ohio Nov. 19, 2009) (observing that "the reasons for preferring one hypothesis to another, are properly jury argument and not the basis for a grant of summary judgment"). Fourth, McAdoo ignores the precepts that, "at the summary judgment stage," the judge's function is not himself to weigh the evidence and determine the truth of the matter," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986), and that "[o]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (citation

4

omitted). Fifth, the aisle where McAdoo slipped and fell was outside of the video camera's range and, to paraphrase Welge v. Planters Lifesavers Co., 17 F.3d 209, 211 (7th Cir. 1994), "elves may have played ninepins with the jar[s]" and bottles in Health & Beauty aisle for all the Court knows.

Separate and apart from notice, McAodo argues that she is entitled to summary judgment because of the spoliation of evidence. More specifically, she writes:

> Wal-Mart's policy dictates that its employees perform certain procedures if there is a slip and fall. First, they are to photograph the substance before it is cleaned up. . . . According to Wal-Mart's claim form, its employees are to immediately search for and preserve any and all information and evidence related to this incident.
>
> Wal-Mart's manager, [Troutt], violated this policy and spoiled the evidence by failing to take a photograph before the substance was cleaned up and thus destroyed the evidence, which made and makes it impossible to determine what the substance was, where it came from, and whether its condition could reveal any other identifying features about it, e.g., how long it had been out of its container, etc. The destruction of the evidence in this case has prejudiced the Plaintiff. The manager on duty at the time of the injury admitted that Wal-Mart could not discover what the substance was because "it was cleaned up when I got there." . . . It is also significant to note that the container of the substance was not found.

(Doc. No. 28 at 4-5) (internal citations omitted).

There are a number of problems with this argument as well. First, McAdoo relies on Beaven v. U.S. Dep't of Justice, 622 F.3d 540, 553 (6th Cir. 2010), for the proposition that "[t]he Sixth Circuit has develop a three-part standard for determining whether sanctions are appropriate; a party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." (Doc. No. 28 at 5). However, by way of her present Motion, McAdoo is not seeking a spoliation instruction, but rather a sanction in the form of

5

a finding of liability. This is arguably the "most severe sanction" under the facts presented, yet a "proper sanction for spoliation . . . must 'serve both fairness and punitive functions.'" Byrd v. Alpha All. Ins. Corp., 518 F. App'x 380, 385 (6th Cir. 2013) (quoting Beaven, 622 F.3d at 553).

Second, McAdoo has not established that records were destroyed by Wal-Mart with a sufficiently culpable state of mind. In fact, McAdoo acknowledges that "Wal-Mart provides conflicting reasons for the destruction of evidence." (Doc. No. 28 at 5). Troutt testified that "it was the proper procedure to clean [the spill up] so that another customer would not have an accident," while Brian Hicks, the Asset Protection Manager, "testified that Wal-Mart's policy required the employee to leave the spill until management arrived and that the associate in this case 'didn't know any better,' because of limited training or limited work experience." (Id.). This is significant in the context of the pending motion for summary judgment if for no other reason than "the veracity of [defendant's] stated reasons for destroying the [evidence] is an issue of credibility." Beaven, 622 F.3d at 544 (brackets in original) (quoting Kronisch v. United States, 150 F.3d 112, 127 (2d Cir.1998)).

Third, McAdoo claims that Troutt violated Wal-Mart "policy and spoiled the evidence by failing to take a photograph before the substance was cleaned up," which resulted in a "sanitized depiction of the scene." (Id. at 5-6). However, whether Troutt or any other employee had a culpable state of mind is again called into question by Hicks' testimony that hourly associates are taught to clean up spills to prevent another accident, except "in relation to an accident that's already occurred," that some people are new, and even veteran employees sometimes forget. (Doc. No. 31-3, Hicks Depo. at 19). Furthermore, a jury is unlikely to be hoodwinked by Wal-Mart's sanitized photographs because McAdoo admittedly took pictures of the floor after the slip and fall, which

6

undercuts the need for the drastic sanction sought.[2]

McAdoo is also not entitled to summary judgment because, as already noted and as Wal-Mart repeatedly points out, a plaintiff seeking summary judgment must present evidence establishing each element of his or her claim. An essential element of a negligence claim is injury or loss. Nowhere in her moving papers does McAdoo discuss the injuries she sustained, or more pertinently, detail how she was injured or damaged as a result of the slip and fall. While the *amount* of damages is essential to the question of liability, the fact of *damages* is an essential element in determining a defendant's negligence *vel non*. Giggers v. Memphis Housing Auth., 277 S.W.3d 359, 364 (Tenn.2009) (stating that the elements of "a prima facie claim of negligence" include "loss or injury"); McMiller v. State, 2015 WL 1897268, at *2 (Tenn. Ct. App. Apr. 27, 2015) (holding that where "claimant failed to prove he suffered an injury or loss as a result of the fall, . . . the absence of an essential element—injury or loss—serves to defeat claimant's negligence claim against the State); Whitley v. Hix, 343 S.W.2d 851, 856 (Tenn. 1961) ("[I]t is said the fact of injury makes out a prima-facie case of negligence and in the absence of countervailing explanatory proof to overcome the prima-facie case liability would follow.")

The Court need go no further. The foregoing in more than sufficient to show that there are numerous genuine issues of material fact that preclude judgment in McAdoo's favor on the issue of liability. Accordingly, her Motion for Partial Summary Judgment (Doc. No. 27) is **DENIED**.

This case is **RETURNED** to Magistrate Judge Frensley for further pretrial case management and to consider McAdoo's Motion to Amend Complaint to Include Punitive Damages (Doc. No.

---

[2] Although McAdoo is not entitled to judgment on liability for the alleged spoliation of evidence, this ruling does not preclude the possibility of a spoliation instruction at trial if warranted.

32).

    IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE